UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY NEWMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:18-CV-1258-SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se motion to vacate, set aside or correct his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

On June 29, 2011, movant pleaded guilty to interference with interstate commerce by threats or violence in violation of 18 U.S.C. § 1951(a); carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and kidnapping in violation of 18 U.S.C. § 1201(a)(1). *See United States v. Larry Newman*, Case No. 4:11-CR-11-SNLJ-2 (E.D. Mo. Nov. 2, 2011). On November 2, 2011, the Court sentenced movant to serve a total of 294 months' imprisonment, followed by five years of supervised release.[1] Movant did not appeal his convictions or sentences.

More than six years later, on March 21, 2018, movant filed a motion to vacate, brought pursuant to 28 U.S.C. § 2255. *See Newman v. United States*, Case No. 4:18-CV-525 SNLJ (E.D.

---

[1] The term of imprisonment consisted to two concurrent 210-month terms on the first two counts, and a consecutive term of 84 months on the third count.

Mo. Mar. 21, 2018). On May 8, 2018, the Court dismissed movant's first § 2255 motion as time barred. The Court did not issue a certificate of appealability. *Id.* at ECF No. 5.

In the instant motion, movant claims that the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), provides that the residual clause in 18 U.S.C. § 16(b), and its similarly worded sister statute of 18 U.S.C. § 924(c), are unconstitutionally vague, as was also decided in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Thus, movant seeks to have his sentence at least partially set aside.

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE